## Connell v. Cahill Building and Loan Association, Appellant.

Submitted October 7, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*James F. Masterson,* for appellant.

*P. Atlee Sheaff, Jr.,* for appellee.

OPINION BY CUNNINGHAM, J., December 14, 1936:

This appeal by the defendant association, from the judgment entered upon a verdict returned by a jury in the municipal court in favor of the plaintiff for $834.64, is without merit. The action was upon an oral contract made between plaintiff's agent and attorney and the secretary of the defendant.

In October 1931 plaintiff was the mortgagee in a first mortgage upon premises at No. 109 Iona Avenue, Narberth, Montgomery County, in the sum of $14,000 payable November 26th of that year, and the defendant association held a second mortgage on the property. Earlier in the year the defendant had taken over the property, by agreement with the owner, and was collecting the rents from an apartment house and several garages erected thereon.

Plaintiff's agent and attorney, J. Kennard Weaver, Esq., testified that in October, 1931, he called Joseph J. Foley, secretary of the defendant association, upon the telephone and inquired what arrangements the association was willing to make in order to avoid the foreclosure of plaintiff's mortgage upon its due date. Mr. Weaver's testimony continued: "Later, about October 19th, he [Foley] called and stated that the association was not in a position to pay the principal on the mortgage, but that if Mrs. Connell would let the mortgage remain upon the property, that the association would pay the mortgage interest to Mrs. Connell and would pay the taxes upon the property and keep the property in repair. Mrs. Connell, in turn, to allow the mortgage

to remain on the property and permit the building and loan association to run the property and to collect the rents from the property, as they said they had taken the property over from the owner at the owner's agreement, and that if there would be any moneys over the expenses, that they would apply them on the principal of our first mortgage; that was the most they could do towards the payment of the principal of the first mortgage. I told him that was satisfactory, and discussed that with my client."

The making of this agreement in the terms stated by Mr. Weaver was not denied by Foley. The defense was that Foley had no authority from the board of directors of the association to make the agreement, and Foley himself so testified. The reply, in behalf of the plaintiff, was that the association, by its subsequent conduct and through letters admittedly sent by the authority of its board of directors, availed itself of the opportunity to thus postpone the foreclosure of plaintiff's mortgage and thereby ratified the agreement made by its secretary.

It is admitted in the affidavit of defense that the association for a period of three years paid, through checks drawn by its officers, the semi-annual installments of interest as they accrued upon the mortgage, the taxes assessed upon the property and the necessary insurance premiums, and kept the property in repair.

Under date of December 15, 1934, the secretary wrote Mr. Weaver a letter reading: "The matter of 109 Iona Avenue, Narberth, was taken up by the board of directors at the meeting last night and it was decided that the income from the property did not warrant our carrying the property any longer. If there are any matters that we can help with such as assigning leases, etc., we shall be very glad to do whatever possible." As no definite period of time for its continuance had been specified in making the agreement, the plaintiff did not

question the right of the association to terminate it at
its pleasure.

In its affidavit of defense the association admitted
that as of December 16, 1934, it owed plaintiff, under
the terms of the agreement, if enforceable, interest at
six per cent on her mortgage from May 26, 1934,
amounting to $468.46, and unpaid taxes from January
1, 1934, in the amount of $262.50. It also admitted
it had collected rentals in advance to the amount of
$103.68. The aggregate of these items—$834.64—was
the amount claimed by plaintiff in her statement of
claim.

As bearing upon the question of ratification, there
was evidence that under date of April 13, 1932, plain-
tiff's agent had written the secretary of the association
stating that his client "would like very much to have
some payments on account of the principal of the first
mortgage at 109 Iona Avenue, Narberth, in such amount
as can be paid by your building and loan association
from the monthly receipts." In the fifth paragraph of
the affidavit of defense the receipt of this request was
admitted and also that the association had directed its
secretary to reply as follows: "At this time it is abso-
lutely impossible for the association to make any pay-
ment on account of principal and would appreciate
your advising us if it would be agreeable to your client
to have us pay the interest only." It was also admitted
that at the request of the association the interest rate
of plaintiff's mortgage was temporarily reduced from
six per cent to five.

The trial judge, CRANE, J., submitted two questions
to the jury: (a) Whether the agreement had been made
as testified to by plaintiff's agent and attorney; and
(b) Whether it had been ratified by the defendant asso-
ciation through the making of the specified payments
and the acceptance of the benefits flowing to it. The
verdict indicates the jury found in favor of the plaintiff

upon both propositions. The jury was specifically instructed that liability, if any, depended upon proof of ratification by the association of the acts of its secretary.

Granting that plaintiff submitted no competent proof of authority in Foley to make the contract sued upon, there was ample evidence that he undertook to act for the association; that the contract was one which he could have been authorized to make; that the association had full knowledge that the condition upon which it would be permitted to retain possession of the property and collect the rents was that it keep the property in repair and pay regularly the interest due plaintiff on her mortgage and all taxes assessed against the premises; that it retained the benefits of the contract—postponement of foreclosure proceedings by plaintiff and continued possession and collection of rents by defendant—; and that it requested and was granted a temporary modification of the terms of the contract.

In our opinion, there was ample evidence from which a jury could reasonably find that the defendant association, by its conduct and communications, had affirmed the contract by electing to treat the acts of its secretary as though authorized by it; in other words, that the association had ratified the contract: Restatement of the Law of Agency, Sections 82-100. As the liabilities resulting from ratification are the same as those arising from authorization, the court below was fully justified in refusing a new trial and in denying defendant's motion for judgment n. o. v.

Judgment affirmed.